### UNITED STATES of America, Plaintiff–Appellee

v.

### Jesus NIAVE–DELGADO, Defendant–Appellant.

Nos. 06–51405, 06–51407
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 25, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western

published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM: *

In this consolidated appeal, Jesus Niave–Delgado (Niave) has appealed the sentence imposed following his conviction of illegal reentry into the United States after deportation and the district court's order revoking his supervised release related to a prior conviction of illegal reentry following deportation. Citing *Apprendi v. New Jersey,* 530 U.S. 466, 489, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Niave contends that the three-year supervised release term imposed by the district court for the instant conviction of illegal reentry violated due process because the indictment, which did not allege a prior felony conviction, charged an offense punishable by a maximum supervised release term of one year. Niave concedes that his argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). He contends that the holding of *Almendarez–Torres* has been cast into doubt by the decision in *Apprendi.* Niave seeks to preserve the issue for possible Supreme Court review. Niave raises no issue with respect to the revocation of his supervised release.

"This court has repeatedly rejected arguments like the one made by [Niave] and has held that *Almendarez–Torres* remains binding despite *Apprendi.*" *United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.2005). The Government's motion for summary affirmance is GRANTED and the district court's judgment of conviction and order revoking supervised release are AFFIRMED. The Government's motion for an extension of time within which to file a brief is DENIED as moot.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.